WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Source Capital Funding Incorporated, | No. CV-23-02113-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Barrett Financial Group LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendant Michael Iuculano's motion for entry of judgment. (Doc. 103).

Rule 54(b) of the Federal Rules of Civil Procedure provides that where, as here, an action involves multiple claims or parties,

> the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

*Id.* "Rule 54(b) relaxes the former general practice that, in multiple claims actions, *all* the claims had to be finally decided before an appeal could be entertained from a final decision upon any of them." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409 (2015) (internal quotation marks omitted). Thus, Rule 54(b) is designed to provide parties with an opportunity to appeal an unfavorable ruling before a case has fully terminated. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956) (Rule 54(b) "provide[s] a practical

means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claims actions, without waiting for final decisions to be rendered on all the claims in the case"). *See also Special Invs., Inc. v. Aero Air, Inc.*, 360 F.3d 989, 993 (9th Cir. 2004) ("An order dismissing one party for lack of personal jurisdiction while allowing suit to continue against the remaining defendants is not a final, appealable order, absent an 'express determination that there is no just reason for delay and . . . an express direction for the entry of judgment.'") (alteration in original) (quoting Fed. R. Civ. P. 54(b); 28 U.S.C. § 1291).[1]

Under Rule 54(b), "[w]hen the district court dismisses claims against one of a number of parties, it has discretion to direct the entry of a final judgment as to that party only if the court expressly determines that there is no just reason to delay." *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (cleaned up). Therefore, before entering judgment under Rule 54(b), "the district court first must render 'an ultimate disposition of an individual claim.'" *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). "The court then must find that there is no just reason for delaying judgment on this claim." *Id.* "The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification." *First Amendment Coal. of Ariz., Inc. v. Ryan*, 2016 WL 4236373, *1 (D. Ariz. 2016) (quoting *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993)).

Two sets of considerations bear on whether there is "just reason" for delaying entry of judgment. *Jewel v. NSA*, 810 F.3d 622, 628 (9th Cir. 2015). First, courts analyze "juridical concerns," primarily "whether the certified order is sufficiently divisible from

---

[1] *See also* 2 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 54, at 75 (2021) ("Rule 54(b) attempts to reconcile the traditional final judgment rule for appeal with modern joinder practices, which can bring together in one suit claims and parties that might not all be related to one another. If the court rules on some claims but not others, the final judgment rule would not allow immediate appeal even if the resolved claims and the remaining claims were separable. Rather than adjust the final judgment rule, it was deemed preferable to give district judges authority to determine that the claims it had ruled on were sufficiently distinct from the unresolved claims that it made sense to release them for appeal without waiting until all of the other claims were resolved.").

the other claims such that the case would not inevitably come back to [the Court of Appeals] on the same set of facts." *Id.* (cleaned up). *See also Wood v. GCC Bend, LLC*, 422 F.3d 873, 878-79 (9th Cir. 2005) (suggesting that the term "juridical concerns" is synonymous with "consideration of judicial administrative interests"). "This inquiry does not require the issues raised on appeal to be completely distinct from the rest of the action, so long as resolving the claims would streamline the ensuing litigation." *Jewel*, 810 F.3d at 628 (internal quotation marks omitted). Courts in the Ninth Circuit embrace a "pragmatic approach focusing on severability and efficient judicial administration." *Wood*, 422 F.3d at 880 (internal quotation marks omitted). Thus, claims may have "overlapping facts" and still be "separate for purposes of Rule 54(b)." *Id.* at 881.

Second, courts undertake an "equitable analysis." *Jewel*, 810 F.3d at 628. District courts are "encourage[d]" but not required to "make factual findings and to explain their reasons for certifying." *Id.* Under the equitable analysis, courts "focus on traditional equitable principles such as prejudice and delay." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989). One example of an equitable consideration "that may inform a judge's decision" is whether the timing of the entry of judgment "would inflict severe financial harm" on either side. *Wood*, 422 F.3d at 878 n.2.

"Rule 54(b) certification is proper if it will aid expeditious decision of the case." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (internal quotation marks omitted). "However, Rule 54(b) certification is scrutinized to prevent piecemeal appeals in cases which should be reviewed only as single units." *Id.* at 797-98 (internal quotation marks omitted). Entry of judgment under Rule 54(b) "is not routine" in ordinary cases and "should not become so." *Wood*, 422 F.3d at 879. The Ninth Circuit has advised that it "cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason." *Id.* at 882. It has also repeatedly admonished that "Rule 54(b) should be used sparingly." *Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004). *See also Frank Briscoe Co., Inc. v. Morrison-Knudson Co., Inc.*, 776 F.2d 1414, 1416 (9th Cir. 1985) ("Judgments under Rule 54(b) must be reserved for the unusual

case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.") (internal quotation marks omitted).

Iuculano's motion does not advance any reasoned argument in favor of entering judgment under Rule 54(b) or acknowledge, let alone attempt to address, the aforementioned factors.  The motion seems to assume that judgment should be entered automatically any time there are no remaining claims against a party.  This is contrary to the Ninth Circuit's admonition that "[e]ntry of judgment under Rule 54(b) "is not routine" in ordinary cases and "should not become so."  *Wood*, 422 F.3d at 879.  At any rate, "a bare desire for certainty and finality" by one prevailing defendant in multi-defendant litigation "is not the sort of pressing need that courts have found sufficient to justify certification under Rule 54(b)."  *Mi Familia Vota v. Hobbs*, 2022 WL 16636832, *5 (D. Ariz. 2022).

Accordingly,

**IT IS ORDERED** that Iuculano's motion (Doc. 103) is **denied**.

Dated this 10th day of June, 2024.

Dominic W. Lanza
United States District Judge

- 4 -